J-S34022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
:
v.  :
:
:
:
MICHAEL ALLAN FROST  :
:
Appellant  :  No. 1656 WDA 2018

Appeal from the PCRA Order Entered October 24, 2018
In the Court of Common Pleas of Crawford County Criminal Division at
No(s):  CP-20-CR-0001288-1999

BEFORE:  DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED NOVEMBER 26, 2019**

Michael Allan Frost appeals from the order dismissing as untimely his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Frost's counsel has submitted an **Anders**[1] Brief and a Motion for Leave to Withdraw as Counsel. As counsel has not fully complied with the withdrawal requirements, we deny the request.

Frost pled guilty to three counts of involuntary deviate sexual intercourse and two counts of endangering welfare of children[2] for acts he committed in 1998 and 1999. On May 19, 2000, the court sentenced Frost to serve an aggregate of 16 to 32½ years' imprisonment; the court entered an

_____

* Retired Senior Judge assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967).

[2] **See** 18 Pa.C.S.A. §§ 3123(a)(6) and 4304(a), respectively.

amended sentencing order on June 6, 2000, giving Frost credit for time-served. At sentencing, the court notified Frost that he would be subject to a ten-year registration requirement pursuant to Megan's Law. **See** N.T., 5/19/00, at 29. Frost did not file a direct appeal.

Nearly 18 years later, on April 24, 2018, Frost filed his eleventh PCRA petition. The petition alleged that an application of 42 Pa.C.S.A. §§ 9799.10-9799.41, known as Subchapter H of the Sexual Offender Registration and Notification Act ("SORNA"), to Frost's case would violate the *ex post facto* clauses of the state and federal constitutions, and that Frost was entitled to relief under **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), *cert. denied sub nom.* **Pennsylvania v. Muniz**, 138 S.Ct. 925 (2018).

The court appointed counsel, who filed an amended petition. In the amended petition, Frost argued that upon his release, he should be subject to the registration requirements of the version of Megan's Law that was in place at the time he committed his crimes; in the alternative, Frost argued he should be subject to the recently-enacted Subchapter I of SORNA, 42 Pa.C.S.A. §§ 9799.51-9799.75. Frost argued that his petition was timely as he mailed it from prison within 60 days of the February 21, 2018 amendments to SORNA, which included the addition of Subchapter I.

Following argument,[3] the PCRA court entered Rule 907 notice of its intention to dismiss Frost's petition without a hearing due to the petition's

---

[3] A transcript of the argument is not included in the certified record.

untimeliness. **See** Pa.R.Crim.P. 907. The court concluded that the petition did not qualify as timely on the basis of **Muniz**, and explained that the registration requirements under the current version of SORNA would apply to Frost upon his release. The notice gave Frost 20 days from September 25, 2018, to respond. Frost filed an untimely *pro se* response. On October 24, 2018, the court dismissed the petition.

Frost filed a timely *pro se* notice of appeal on November 19, 2018.[4] The docket does not reflect whether the court sent a copy of the notice of appeal to Frost's counsel. **See** Pa.R.Crim.P. 576(A)(4). The PCRA court then directed Frost to file a concise statement of matters complained of on appeal, in an order stating that Frost was "unrepresented." **See** Pa.R.A.P. 1925(b). The docket does not contain a notation that the court sent a copy of the order to Frost's counsel. Frost thereafter filed an untimely *pro se* Rule 1925(b) statement.

Meanwhile, after the appeal period had closed, Frost's counsel, apparently unaware that Frost had filed a *pro se* notice of appeal and an appeal was already pending, petitioned the court for leave to appeal *nunc pro tunc*.[5] In the petition, Frost's counsel alleged that Frost had asked him within the

---

[4] Although Frost was represented by counsel, a criminal defendant represented by counsel may file a *pro se* notice of appeal. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa.Super. 2016).

[5] We note that the proper procedure for reinstatement of appellate rights *nunc pro tunc* is through the filing of a PCRA petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1269 (Pa. 2007).

- 3 -

appeal period to file an appeal but he had failed to do so. The PCRA court, apparently unaware that an appeal was already pending, denied counsel's petition.

Roughly a month later, the court entered an order acknowledging that Frost had filed a *pro se* notice of appeal and Rule 1925(b) statement. The court stated that Frost "has counsel of record" but ordered that Frost "may continue" to act *pro se* "with the understanding that if he wishes to have his attorney act on his behalf, he must file a motion requesting that[,] so that counsel can be directed to, again, be involved in this matter on behalf of [Frost]." Order, 1/18/19, at 1. As stated above, Frost's counsel has filed a Motion for Leave to Withdraw as Counsel and an **Anders** brief.

Before we reach counsel's request to withdraw, we address Frost's Rule 1925(b) statement, as the failure to file a Rule 1925(b) statement when ordered to do so by the court waives all issues for appeal, **see** Pa.R.A.P. 1925(b)(4)(vii). Hybrid representation is prohibited, and as Frost filed a *pro se* Rule 1925(b) statement while he was represented by counsel,[6] the *pro se* statement was a legal nullity. **Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010).

---

[6] Although Frost had no right to counsel on his eleventh PCRA petition, **see Commonwealth v. Kubis**, 808 A.2d 196, 200 (Pa.Super. 2002), a PCRA court may appoint counsel under Pa.R.Crim.P. 904(D) and (E). As the court below saw fit to appoint counsel in this case, counsel was obligated to continue representation until the termination of the case, or the court permitted counsel to withdraw. **See** Pa.R.Crim.P. 120(B)(1), 122(B)(2).

Nonetheless, Frost's failure to file a Rule 1925(b) statement through counsel did not waive all issues on appeal. The PCRA court did not order Frost's counsel to file a Rule 1925(b) statement, and instead directed the order directly to Frost. As the court failed to direct Frost's counsel to file a Rule 1925(b) statement, counsel's failure to file one does not constitute waiver. **Cf. Commonwealth v. Bush**, 197 A.3d 285, 287 (Pa.Super. 2018) (finding no waiver where docket failed to indicate that order to file Rule 1925(b) statement was served on appellant; collecting cases). We accordingly hold that Frost is not limited, on appeal, to those issues raised in his *pro se* Rule 1925(b) statement.

We now turn to counsel's request to withdraw. The proper filing in conjunction with a request to withdraw from PCRA representation is a **Turner/Finley**[7] "no-merit" letter. **See Commonwealth v. Wrecks**, 931 A.2d 717, 722 (Pa.Super. 2007) (explaining differences between requirements of withdraw during direct appeal and PCRA representation). In the no-merit letter, counsel must "[detail] the nature and extent of counsel's diligent review of the case, [list] the issues which the petitioner wants to have reviewed, [explain] why and how those issues lack merit, and [request] permission to withdraw." **Id.** at 721. Counsel must also send to the petitioner (1) a copy of the no-merit letter, (2) counsel's petition to withdraw, and (3) "a statement advising petitioner of the right to proceed *pro se* or by new counsel." **Id.**

---

[7] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Counsel seeking to withdraw from appellate representation must advise that the appellant has the right to proceed *pro se* or through new counsel immediately upon counsel's request to withdraw. **See Commonwealth v. Muzzy**, 141 A.3d 509, 512 (Pa.Super. 2016). However, because an **Anders** brief provides greater protection, we may accept it in lieu of a no-merit letter. **See Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa.Super. 2011).

Here, counsel advised Frost as follows: "Should the Court decide to grant my Motion for Leave to Withdraw as Counsel in your case, you do have the right to proceed *pro se* (representing yourself) or you may hire counsel of your own choosing." **See** Letter, 3/22/19, at 9 (unpaginated). This advice was erroneous, as Frost had the immediate right to proceed with the appeal— whether with new counsel or *pro se*—once counsel asked this Court for leave to withdraw. **Muzzy**, 141 A.3d at 512. We therefore conclude that counsel's withdraw request is deficient, and we deny it at this time.

Counsel is hereby instructed to file either an advocate's brief or a no-merit letter and request to withdraw within 30 days of the date of this decision. If counsel does, again, file a request in this Court to withdraw as counsel, counsel must advise Frost of his immediate right to file an appellate brief *pro se* or through retained counsel. In addition, we clarify that the potential issues on appeal are not limited to those listed in the *pro se* Rule 1925(b) statement.[8]

_____

[8] We respectfully disagree with the dissent's view that the errors of the trial court necessitate remand for the filing of a new Rule 1925(b) order.

Motion for Leave to Withdraw as Counsel denied. Panel jurisdiction retained.

Judge Colins joins the Memorandum.

Judge Dubow files a Dissenting Statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/26/2019

---

First, a Rule 1925(b) statement is not mandatory; the trial court has discretion whether to order an appellant to file a Rule 1925(b) statement to clarify the errors complained of on appeal. ***See*** Pa.R.A.P. 1925(b). When the trial court fails to serve the order on the appellant, the appropriate remedy is to find the appellant has not waived any issues by failing to comply with the order. ***See, e.g., Bush***, 197 A.3d at 287. We accordingly apply this remedy here.

Furthermore, because we remand, and clarify that the issues are not limited to those in the null 1925(b) statement, counsel may file a brief raising any issues of arguable merit. If counsel finds none, and again seeks to withdraw, we shall not grant that request unless we find counsel has conducted a thorough review of the case. ***See Commonwealth v. Kelsey***, 206 A.3d 1135, 1139 (Pa.Super. 2019); ***Commonwealth v. Rykard***, 55 A.3d 1177, 1184 (Pa.Super. 2012).

Ultimately, although the court erred in failing to notify Frost's counsel of Frost's *pro se* notice of appeal, failing to serve the Rule 1925(b) order upon Frost's counsel, and subsequently stating that Frost was permitted to act *pro se* while represented by counsel, none of these errors caused prejudice to Frost. Frost filed a timely notice of appeal, is not subject to Rule 1925(b) waiver, and remains represented by counsel during his appeal.